ORIGINAL

SEALED

BY ORDER OF THE COURT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 0 9 2025

at___ o'clock and___ min___M
Lucy H. Carrillo, Clerk

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

JEANNETTE S. GRAVISS
Assistant United States Attorney
300 Ala Moana Blvd., Room 6-100
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  jeannette.graviss@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No.  CR 25-00104 DKW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| JUSTIN C. LIKOUT, | ) | [18 U.S.C. §§ 1344, 1343, 1956, |
| a/k/a "Jaycee Thorpe," "JC | ) | 1957, and 1028A] |
| Thorpe," "Justin Thorpe," | ) | |
| "John Pyzell," "Jaycee Pyzell," | ) | |
| "Jon Pizel" | ) | |
| | ) | |
| Defendant. | ) | |

## INDICTMENT

1

Count 1
Bank Fraud
(18 U.S.C. § 1344(2))

Background

1.      At all times relevant to this indictment, JUSTIN C. LIKOUT, a/k/a
"Jaycee Thorpe," "JC Thorpe," "Justin Thorpe," "John Pyzell," "Jaycee Pyzell,"
"Jon Pizel," the defendant, was a resident of the District of Hawaii.

2.      LIKOUT established a company in the State of Hawaii known as No
Ka Oi Oahu on February 19, 2018.  LIKOUT is listed as the registered agent for the
business.  In conducting business through this entity, LIKOUT used variations of the
name, including but not limited to No Ka Oi Tours Oahu and No Ka Oi Oahu.

3.      LIKOUT established a company in the State of Hawaii known as No
Ka Oi Tours HI LLC on December 14, 2019.  LIKOUT is listed as a member of the
business.  In conducting business through this entity, LIKOUT used variations of the
name, including but not limited to No Ka Oi Tours Oahu and No Ka Oi Oahu.

4.      LIKOUT established a company in the State of Hawaii known as Hale
Me Ka Malama LLC on February 18, 2020.  LIKOUT is listed as an organizer of the
company, and No Ka Oi Tours HI LLC is listed as the registered agent on the Articles
of Organization.

5.    LIKOUT was a signatory on the Hale Me Ka Malama LLC Bank of America Business Checking Account ending in 1893 that was opened on March 4, 2020.

Federal Assistance to Businesses Impacted by the COVID-19 Pandemic

6.    The United States Small Business Administration ("SBA") is an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses.  The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enables and provides loans through banks, credit unions, and other lenders.  These loans have government-backed guarantees.

7.    In March 2020, the Coronavirus Aid, Relief, and Economic Security Act, or "CARES Act," was enacted to provide immediate assistance to individuals, families, and organizations affected by the COVID-19 pandemic emergency. Among its various provisions, the CARES Act authorized the SBA to guarantee loans under the Paycheck Protection Program ("PPP") and the Economic Injury Disaster Loan ("EIDL") program.

The Paycheck Protection Program

8.    The PPP was a COVID-19 pandemic relief program administered by the SBA that provided forgivable loans to small businesses for job retention and

3

other expenses.  The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable, and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic.  PPP loans were fully guaranteed by the SBA.

9.      To obtain a PPP loan, a qualifying business had to submit a PPP loan application (known as "SBA Form 2483") signed by an authorized representative of the business.  The SBA Form 2483 was to include supporting payroll documentation submitted to a financial institution that would administer the loan and serve as custodian of the funds.  The applicant was required to certify information regarding business operations, including that:  (a) the applicant was in operation on February 15, 2020, and had employees for whom it paid salaries and payroll taxes, or paid independent contractors, as reported on Internal Revenue Service ("IRS") Form 1099-MISC; (b) current economic uncertainty made the loan request necessary to support the applicant's ongoing operations; and (c) the PPP funds would be used to retain workers and to maintain payroll or pay other qualifying expenses.

10.     When submitting the SBA Form 2483, the applicant certified his/her understanding that, should the PPP funds knowingly be used for unauthorized purposes, the United States could hold him/her legally liable, including potential criminal penalties for fraud involving fines and up to thirty years' imprisonment.

The applicant was also required to certify the truth and accuracy of any information provided on the SBA Form 2483 and in all supporting documents, including documents submitted to verify the applicant's payroll expenses such as payroll processor records, bank records, wage records, payroll tax filings with the IRS, or other records sufficient to show the qualifying payroll amount.

11.    PPP loan applications were electronically submitted or caused to be submitted by the applicant and received through SBA servers located in Virginia for applications submitted prior to January 11, 2021, and through SBA servers located in Oregon for applications submitted thereafter.  Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

12.    The proceeds of the PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments.  The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing, jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

13.    Fundbox Inc., through its partnership with First Electronic Bank of Utah, was a third-party participating lender in the PPP, and First Electronic Bank of

Utah was a federally insured financial institution as defined in Title 18, United States Code, Section 20.

The Scheme

14.    Beginning no later than in or around May 2020, and continuing through at least on or around February 1, 2021, in the District of Hawaii and elsewhere, JUSTIN C. LIKOUT, a/k/a "Jaycee Thorpe," "JC Thorpe," "Justin Thorpe," "John Pyzell," "Jaycee Pyzell," "Jon Pizel," the defendant, knowingly executed and attempted to execute a scheme and artifice to defraud a financial institution and to obtain moneys, funds, credits, assets, securities, and other property owned by, or under the custody and control of First Electronic Bank of Utah, a federally insured financial institution, by means of false and fraudulent pretenses, representations, and promises.

15.    On or about May 31, 2020, LIKOUT submitted and caused to be submitted a false and fraudulent PPP loan application as the owner of No Ka Oi Tours Oahu with the intent to obtain loan proceeds from Fundbox Inc. in partnership with First Electronic Bank of Utah.

16.    LIKOUT submitted to the SBA altered and fraudulent documentation in support of the PPP loan application.

17.    LIKOUT submitted to the SBA a document purporting to be the 2019 IRS Schedule C for No Ka Oi Tours Oahu showing a net profit of $381,256, knowing

6

that the form had never been submitted to the IRS and contained false and fraudulent information.

18.    LIKOUT caused Fundbox Inc. to transfer $45,416.65 to the Hale Me Ka Malama Bank of America Business Checking Account ending in 1893 on July 13, 2020.

19.    On or about July 20, 2020, LIKOUT submitted and caused to be submitted a false and fraudulent PPP loan application to the SBA on behalf of Hale Me Ka Malama LLC with the intent to obtain loan proceeds in the amount of $36,500 from Fundbox Inc. in partnership with First Electronic Bank of Utah.

20.    LIKOUT submitted to the SBA a State of Hawaii, Department of Commerce and Consumer Affairs, Articles of Organization for a Limited Liability Company for Hale Me Ka Malama LLC indicating that the Articles had been filed on February 18, 2019, when, in fact, the Articles had not been filed with the State of Hawaii until February 18, 2020.

21.    LIKOUT submitted documents to the SBA purporting to be the 2019 IRS Form Schedule C for Hale Me Ka Malama LLC when, in fact, the company was not in business in 2019.

22.    LIKOUT filed 2019 1040 Tax Return listing no wages or Schedule C income.  The only income LIKOUT reported was $1 in interest.  There is no record

of a Schedule C being filed for Hale Me Ka Malama LLC in 2019.

The Execution

23.    On or about July 13, 2020, in the District of Hawaii and elsewhere, JUSTIN C. LIKOUT, a/k/a "Jaycee Thorpe," "JC Thorpe," "Justin Thorpe," "John Pyzell," "Jaycee Pyzell," "Jon Pizel," the defendant, knowingly executed and attempted to execute the scheme and artifice described in paragraphs 1 through 22 above, to defraud First Electronic Bank of Utah, a federally insured financial institution, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of First Electronic Bank of Utah, by means of false and fraudulent pretenses, representations, and promises, in that LIKOUT submitted and caused Fundbox Inc., in partnership with First Electronic Bank of Utah, to transfer $45,416.65 on behalf of No Ka Oi Tours Oahu to the Hale Me Ka Malama Bank of America Business Checking Account ending in 1893.

All in violation of Title 18, United States Code, Section 1344(2).

Counts 2 - 7
Bank Fraud
(18 U.S.C. § 1344(2))

The Scheme

24.    From approximately September 11, 2020, and continuing to December 23, 2020, in the District of Hawaii, JUSTIN C. LIKOUT, a/k/a "Jaycee Thorpe,"

8

"JC Thorpe," "Justin Thorpe," "John Pyzell," "Jaycee Pyzell," "Jon Pizel," the defendant, knowingly executed and attempted to execute a scheme and artifice to defraud First Hawaiian Bank (FHB), a federally insured financial institution, and to obtain money and funds owned by and under the custody and control of FHB, by means of false and fraudulent pretenses, representations, and promises.

25.     It was the object of the scheme that LIKOUT would fraudulently obtain approximately $7,936.87 from FHB.

26.     LIKOUT maintained business checking accounts at FHB under the name of Hale Me Ka Malama LLC.  The last four digits of the accounts were 1602 ("FHB 1602") and 8356 ("FHB 8356").

27.     Beginning in at least September 2020, there were insufficient funds in FHB 1602 to pay expenses from the account, and on November 8, 2020, LIKOUT opened FHB 8356 representing that he would use the account to pay the debt on FHB 1602.

28.     To pay his personal expenses, LIKOUT devised a scheme to fraudulently inflate the balance of FHB 1602 and FHB 8356 and used funds belonging to FHB, rather than his own funds, to make these payments.

29.     It was part of the scheme that LIKOUT deposited checks into FHB 1602 and FHB 8356 which he knew to be backed by non-sufficient funds ("NSF"). The activity fraudulently inflated the balance of the accounts by making it appear

that the funds in the amounts of the NSF checks were present and available in the account.

30.    It was further part of the scheme that LIKOUT used the inflated balances in FHB 1602 and FHB 8356 to pay personal expenses.

31.    It was further part of the scheme that LIKOUT would withdraw and attempt to withdraw funds knowing that there was not enough money in the account to cover the withdrawals.

### The Execution

32.    On or about the dates listed below, in the District of Hawaii, and elsewhere, JUSTIN C. LIKOUT, a/k/a "Jaycee Thorpe," "JC Thorpe," "Justin Thorpe," "John Pyzell," "Jaycee Pyzell," "Jon Pizel," the defendant, knowingly executed and attempted to execute the scheme and artifice to defraud FHB, a federally insured financial institution, and to obtain moneys, funds, credits, asset, securities, or other property owned by, or under the custody or control of, as set forth in paragraphs 24 through 31 above, in that the defendant received, and attempted to receive money from various federally insured financial institutions by depositing NSF checks and fraudulent checks into FHB 1602 and FHB 8356.

| Count | Approx. Date | Payee Bank | Payor Bank | Amount |
|-------|-------------|------------|------------|--------|
| 2 | September 11, 2020 | First Hawaiian Bank | Bank of America | $2,250.00 |

| 3 | October 23, 2020 | First Hawaiian Bank | First Hawaiian Bank | $4,700.00 |
| 4 | October 21, 2020 | First Hawaiian Bank | BlueVine | $9,000.00 |
| 5 | December 7, 2020 | First Hawaiian Bank | BlueVine | $2,500.00 |
| 6 | December 10, 2020 | First Hawaiian Bank | BlueVine | $2,500.00 |
| 7 | December 23, 2020 | First Hawaiian Bank | First Hawaiian Bank | $3,145.89 |

All in violation of United States Code, Section 1344(2).

Counts 8 - 15

Wire Fraud

(18 U.S.C. § 1343)

Background

33.    Facebook Marketplace is an online platform where users can buy and sell a wide variety of physical items such as clothing, furniture, and electronics. Sellers list items by posting photos and descriptions, and buyers browse and contact sellers via Messenger to arrange to purchase the items.

34.    Messenger is a standalone instant messaging application and service provided by Meta Platforms Inc., known as Facebook Inc. until October 28, 2021, that allows users to send text messages, photos, videos, stickers, and voice notes, as well as make voice and video calls.

The Scheme

35.    Beginning in or about August 2020, and continuing until on or about the date of this Indictment, in the District of Hawaii, and elsewhere, JUSTIN C. LIKOUT, a/k/a "Jaycee Thorpe," "JC Thorpe," "Justin Thorpe," "John Pyzell," "Jaycee Pyzell," "Jon Pizel," the defendant, knowingly devised and intended to devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice.

36.    It was part of the scheme that LIKOUT advertised custom tables on Facebook Marketplace under the identities of JC Thorpe, Hoohui Ohana Millworks, Hale Me Ka Malama, Hale Malama, Aina Akua, and other identities, and solicited and accepted money to produce the tables.

37.    It was further part of the scheme that LIKOUT performed limited work, if any, and then failed to deliver the tables as promised.

38.    It was further part of the scheme to defraud that LIKOUT did not return the money that was paid for the tables he failed to deliver.

The Execution

39.    On or about each of the dates set forth below, in the District of Hawaii, and elsewhere, JUSTIN C. LIKOUT, a/k/a "Jaycee Thorpe," "JC Thorpe," "Justin Thorpe," "John Pyzell," "Jaycee Pyzell," "Jon Pizel," the defendant, for the purpose of executing the scheme described in paragraphs 33 through 38, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the writings, signals, and sounds described below for each count, each transmission constituting a separate count:

| Count | Approx. Date | Description |
|---|---|---|
| 8 | September 4, 2020 | a wire transfer of $7,018.16 from R.C.'s USAA account to the defendant's Hale Me Ka Malama LLC FHB 1602 account |
| 9 | August 19, 2021 | a promise to deliver a custom Monkey Pod table to J.M. through Messenger text messages |
| 10 | September 28, 2021 | a $1,696 payment from G.S. to the defendant through Apple Cash |
| 11 | October 4, 2021 | a promise to deliver a custom table to J.S. through Messenger text messages |
| 12 | November 9, 2021 | an ACH transfer of $2,797.70 from R.A.'s account through FreshBooks to the defendant at Hoohui Ohana Millworks LLC |
| 13 | December 29, 2021 | an ACH transfer of $1,685.13 from C.B.'s account through FreshBooks to the defendant at Hoohui Ohana Millworks LLC |

| 14 | January 21, 2022 | a $231.40 payment from K.S. to the defendant at Hoohui Ohana Millworks LLC through Apple Pay |
| 15 | January 22, 2022 | a promise to deliver a custom table to J.M. through Messenger text messages |

All in violation of Title 18, United States Code, Section 1343.

Counts 16 - 20
Wire Fraud
(18 U.S.C. § 1343)

The Scheme

40.    Beginning on an unknown date, but from at least on or about June 8, 2018, and continuing to at least on or about December 22, 2022, in the District of Hawaii, and elsewhere, JUSTIN C. LIKOUT, a/k/a "Jaycee Thorpe," "JC Thorpe," "Justin Thorpe," "John Pyzell," "Jaycee Pyzell," "Jon Pizel," the defendant, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice.

41.    It was part of the scheme that LIKOUT obtained personal identifying information of other persons and that LIKOUT obtained and/or used the personal identifying information without the authorization of those other persons.

14

42. It was also part of the scheme that LIKOUT used identifying information of people and businesses to obtain things of value and to attempt to obtain things of value, knowing that he did not have the authority to do so. In doing so, LIKOUT fraudulently misrepresented that he had the authority to engage in the transactions that he conducted and attempted to conduct.

43. LIKOUT obtained the personal identifying information of Y.C. and used her personal identifying information to obtain a loan from LendingClub, a peer-to-peer lending platform. On or about June 4, 2018, LIKOUT submitted and caused to be submitted a LendingClub loan application ending in 0708 in Y.C.'s name seeking $10,500 for credit card refinancing. LIKOUT was the sole signatory of the Bank of Hawaii accounts associated to the loan. On or about June 8, 2018, $9,870 was transmitted from LendingClub to LIKOUT'S Bank of Hawaii No Ka Oi Oahu business checking account ending in 2245.

44. LIKOUT obtained the personal identifying information of E.L. and used her personal identifying information to apply for and obtain loans in her name. On or about September 13, 2021, LIKOUT submitted and caused to be submitted a Clicklease loan agreement to purchase $20,000 worth of tools from Beaver Industrial Supply to be delivered to LIKOUT in Hawaii, using E.L.'s personal identifying information. The bank account associated with the Clicklease loan was the Hoohui Ohana Millworks Blue Ridge Bank account ending in 7531. LIKOUT was the

15

signatory on the account.

45.     LIKOUT obtained R.T.'s personal identifying information and used his personal identifying information to apply for and obtain loans in his name.  On or before November 9, 2022, LIKOUT submitted and caused to be submitted an online PayPal loan application in the amount of $100,000 using R.T.'s personal identifying information.  On or about November 9, 2022, PayPal wired $100,000 into the Pacific Diving Industries Inc. First Hawaiian Bank account ending in 2165.  Pacific Diving Industries Inc. was previously owned by R.T., but by the time of the loan application, the company had been sold to a new owner associated with LIKOUT.

46.     On or about October 28, 2022, LIKOUT submitted and caused to be submitted an online application for an American Express business credit card account under the name of R.T. d/b/a Pacific Diving Industries, Inc., using R.T.'s personal identifying information.  LIKOUT included himself as a member and authorized user on the application and caused a Pacific Diving Industries, Inc. American Express business credit card to be issued in his name.  After obtaining the American Express credit card, LIKOUT charged multiple items to the credit card during November 2022, including payments for 2016 Porsche Cayenne.

47.     On or about November 8, 2022, LIKOUT submitted and caused to be submitted an online loan application to Ascentium Capital.  In connection with the loan application, LIKOUT submitted a copy of a driver's license purporting to be

R.T.'s license.    The driver's license displayed R.T.'s personal identifying information, but the photograph on the license was LIKOUT.    The associated Ascentium Capital loan that was funded included an email address registered to LIKOUT.    The loan funds were used to purchase power tools from Beaver Industrial Supply that were delivered to a business address at which LIKOUT received deliveries.

48.    On or about December 12, 2022, LIKOUT submitted and caused to be submitted an online loan application to Ascentium Capital using R.T.'s personal identifying information and fraudulent documentation.    The loan application was for $92,110.59.    The bank account associated to the loan application was LIKOUT's personal bank account at First Hawaii Bank ending in 5199.    The loan was rejected.

The Execution

49.    On or about each of the dates set forth below, in the District of Hawaii, and elsewhere, JUSTIN C. LIKOUT, a/k/a "Jaycee Thorpe," "JC Thorpe," "Justin Thorpe," "John Pyzell," "Jaycee Pyzell," "Jon Pizel," the defendant, for the purpose of executing the scheme described in paragraphs 40 through 48, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the writings, signals, and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
|-------|------|-------------|
| 16 | June 8, 2018 | transfer of $9,870 from Lending Club loan number ending in 0708 obtained using the personal identifying information of Y.C. |
| 17 | September 13, 2021 | an Equipment Lease Agreement between ClickLease LLC and No Ka Oi Oahu Tours LLC submitted online |
| 18 | October 28, 2022 | an online application for an American Express credit card using R.T.'s personal identifying information |
| 19 | November 8, 2022 | an online application for financing to Ascentium Capital |
| 20 | November 9, 2022 | a PayPal/Loan Builder loan agreement using R.T.'s personal identifying information submitted online |

All in violation of Title 18, United States Code, Section 1343.

<u>Count 21</u>
Money Laundering
(18 U.S.C. § 1956)

50.    On or about November 16, 2022, in the District of Hawaii, and elsewhere, JUSTIN C. LIKOUT, a/k/a "Jaycee Thorpe," "JC Thorpe," "Justin Thorpe," "John Pyzell," "Jaycee Pyzell," "Jon Pizel," the defendant, knowingly conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, namely the transfer of $14,000 in United States currency to Porsche Hawaii, which involved the proceeds of a specified unlawful activity,

namely wire fraud in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and while conducting and attempting to conduct such financial transaction, knew the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

Count 22
Illegal Monetary Transaction
(18 U.S.C. § 1957)

51.    On or about November 16, 2022, in the District of Hawaii, and elsewhere, JUSTIN C. LIKOUT, a/k/a "Jaycee Thorpe," "JC Thorpe," "Justin Thorpe," "John Pyzell," "Jaycee Pyzell," "Jon Pizel," the defendant, knowingly engaged and attempted to engage in a monetary transaction by, through or to American Express, a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, namely a $25,625.00 credit card charge payable to Porsche Hawaii Sales, such property having been derived from a specified unlawful activity, namely wire fraud in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1957.

19

Count 23
Aggravated Identity Theft
(18 U.S.C. § 1028A)

52.     On or about September 13, 2021, in the District of Hawaii, and

elsewhere, JUSTIN C. LIKOUT, a/k/a "Jaycee Thorpe," "JC Thorpe," "Justin

Thorpe," "John Pyzell," "Jaycee Pyzell," "Jon Pizel," the defendant, knowingly

transferred, possessed, and used, without lawful authority, a means of identification

of another person, namely E.L., during and in relation to a felony violation

enumerated in Title 18, United States Code, Section 1028A(c)(5), namely wire fraud

in violation of Title 18, United States Code, Section 1343, knowing that the means

of identification belonged to an actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

Count 24
Aggravated Identity Theft
(18 U.S.C. § 1028A)

53.     On or about October 30, 2022, in the District of Hawaii, and elsewhere,

JUSTIN C. LIKOUT, a/k/a "Jaycee Thorpe," "JC Thorpe," "Justin Thorpe," "John

Pyzell," "Jaycee Pyzell," "Jon Pizel," the defendant, knowingly transferred,

possessed, and used, without lawful authority, a means of identification of another

person, namely R.T., during and in relation to a felony violation enumerated in Title

18, United States Code, Section 1028A(c)(5), namely wire fraud in violation of Title

18, United States Code, Section 1343, knowing that the means of identification belonged to an actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

First Forfeiture Notice

54.    The allegations contained in all paragraphs of Counts 1 through 7 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 982.

55.    The United States hereby gives notice to the defendant that, upon conviction of the offenses charged in Counts 1 through 7 of this Indictment, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 982(a)(2), of any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the violations of 18 U.S.C. § 1344(2) charged in Counts 1 through 7 of the Indictment, including but not limited to a sum of money equal to at least $160,700.

56.    If by any act or omission of the defendant, any of the property subject to forfeiture described in the preceding paragraph herein:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third party;
>
> c. has been placed beyond the jurisdiction of the court;
>
> d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided
without difficulty,

the United States of America will be entitled to the forfeiture of substitute property

up to the value of the property described above in the preceding paragraph, pursuant

to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United

States Code, Section 982(b).

## Second Forfeiture Notice

57.     The allegations contained in all paragraphs of Counts 8 through 20, and

Counts 23 and 24, of this Indictment are hereby realleged and incorporated by

reference for the purpose of noticing forfeitures pursuant to Title 18, United States

Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

58.     The United States hereby gives notice to the defendant that, upon

conviction of the offenses charged in Counts 8 through 20, and Counts 23 and 24, of

this Indictment, the government will seek forfeiture, in accordance with Title 18,

United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section

2461(c), of any and all property, real or personal, that constitutes or is derived from

proceeds traceable to the violations of Title 18, United States Code, Section 1343,

alleged in Counts 8 through 20 of this Indictment, and the violations of Title 18,

United States Code, Section 1028A, alleged in Counts 23 and 24 of this Indictment,

which are predicated on violations of Title 18, United States Code, Section 1343,

22

including but not limited to a sum of money equal to at least $267,000 in United States currency.

59.    If by any act or omission of the defendant, any of the property subject to forfeiture described in the preceding paragraph herein:

>    a.  cannot be located upon the exercise of due diligence;
>
>    b.  has been transferred or sold to, or deposited with, a third party;
>
>    c.  has been placed beyond the jurisdiction of the court;
>
>    d.  has been substantially diminished in value; or
>
>    e.  has been commingled with other property which cannot be divided
>        without difficulty,

the United States of America will be entitled to the forfeiture of substitute property up to the value of the property described above in the preceding paragraph, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

Third Forfeiture Notice

60.    The allegations contained in all paragraphs of Counts 21 and 22 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 982.

61.    The United States hereby gives notice to the defendant that, upon conviction of the offenses charged in Counts 21 and 22 of this Indictment, the

23

government will seek forfeiture, in accordance with Title 18, United States Code, Section 982(a)(1), of any, real or personal, involved in the violations of Title 18, United States Code, Sections 1956 and 1957, alleged in Counts 21 and 22 of this Indictment, and any property traceable to such property, including but not limited to a sum of money equal to at least $30,897 in United States currency.

   62. If by any act or omission of the defendant, any of the property subject to forfeiture described in the preceding paragraph herein:

     a. cannot be located upon the exercise of due diligence;

     b. has been transferred or sold to, or deposited with, a third party;

     c. has been placed beyond the jurisdiction of the court;

     d. has been substantially diminished in value; or

     e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property up to the value of the property described above in the preceding paragraph, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b).

DATED:  October 9, 2025, at Honolulu, Hawaii.

A TRUE BILL

*/s/ Foreperson*
FOREPERSON, GRAND JURY

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

JEANNETTE S. GRAVISS
Assistant United States Attorney

United States v. Likout
Indictment
Case No.    CR25-00104  DKW

25