KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

JEANNETTE S. GRAVISS
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail: jeannette.graviss@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 25-00104 DKW |
| | ) | |
| Plaintiff, | ) | MOTION TO DETAIN |
| | ) | DEFENDANT WITHOUT BAIL |
| vs. | ) | |
| | ) | |
| JUSTIN C. LIKOUT, | ) | |
|    a/k/a "Jaycee Thorpe," "JC | ) | |
|    Thorpe," "Justin Thorpe," | ) | |
|    "John Pyzell," "Jaycee Pyzell," | ) | |
|    "Jon Pizel," | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MOTION TO DETAIN DEFENDANT WITHOUT BAIL

The United States of America moves this Court to detain the defendant pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

## Eligibility of Case

1.     The defendant is eligible for detention because there is a serious risk that he will flee.   *See* 18 U.S.C. § 3142(f)(2)(A).

2.     The defendant has been convicted of escape and has failed to appear in court on multiple occasions.   The defendant uses many different aliases and has falsified means of identification, including driver's licenses.

3.     The defendant has criminal history in Washington, California, Arizona, and the Virgin Islands and it appears that there are warrants for his arrest in other states.

## Grounds for Detention

### *Nature and Circumstances of the Offense*

4.     Title 18, United States Code, Section 3142(g)(1) requires the Court to consider the nature and circumstances of the offense charged.   While the nature of the charges (bank fraud, wire fraud, money laundering, and identity theft) on their

face would not seem to weigh in favor of detention, the circumstances surrounding the offenses certainly do.

5.     The defendant is charged in twenty-four counts for offenses that began as early as 2018.   The twenty-four counts include a mere sampling of the criminal offenses committed by the defendant over the past seven years.   His conduct is ongoing, and he continues to steal personal identifying information from people and use that information to open accounts, apply for loans, and otherwise obtain money and other items through fraudulent misrepresentations.

6.     The defendant also preys on elderly or vulnerable individuals and uses them to collect personal information to continue his schemes.   The defendant uses fake names when developing these relationships to avoid being caught.

*The Weight of the Evidence Against the Defendant*

7.     Section 3142(g)(2) requires the Court to consider the weight of the evidence against the defendant.   The government submits that the evidence against the defendant is strong.   The defendant has had dozens of bank accounts closed over the past seven years due to fraud and subpoenaed records show a pattern of fraud from applying for loans using the personal identifying information of other real people, to submitting false documents in support of PPP loan applications, to inducing people to give him money in exchange for products or services, knowing that he would not provide the products or services.

3

8.      In addition to the strong evidence supporting the charges in the indictment, when the defendant admitted to committing PPP loan fraud, check kiting, stealing personal information from various individuals, and applying for loans in the names of those individuals.  The defendant also admitted to taking money from people with the promise to provide goods or services and failing to give them their money back when the goods or services were not delivered.

9.      The weight of the evidence against the defendant strongly suggests that he is guilty of the alleged offenses, which is relevant to his motivation to flee.

*The History and Characteristics of the Defendant*

10.      Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

11.      While the defendant appears to have ties to the community, his past conduct weighs against release to ensure the safety of the community and his appearance in court as required.

12.      The defendant is currently "selling" tools and other items on Facebook Marketplace under the name Jake Keating.

4

13.     The defendant's criminal history reflects that there are active warrants for his arrest in Washington for failure to appear for theft charges and in Florida for larceny and grand theft in the third degree.

14.     It does not appear that the defendant has been engaged in lawful employment for many years.

15.     Regarding the defendant's history and record regarding court appearances, the defendant has repeatedly failed to appear in court.   The defendant was convicted of escape in 1997 in Maui, Hawaii.   While on supervision following the conviction, the defendant was arrested for felony theft in Kirkland, Washington in January 2003.   In May 2003, the defendant was arrested on the parole violation in Honolulu, Hawaii.

16.     The defendant's next arrest was in 2006 in the Virgin Islands. The defendant was convicted of fraudulent use of credit cards.

17.     In 2010, the defendant was arrested for assault and unauthorized possession of a firearm in the Virgin Islands.[1]   While out on bond on those charges, on January 21, 2011, the defendant was arrested for obtaining money by false pretenses, grand larceny, and drawing and delivering more that $11,000 in worthless

---

[1] He was convicted of unauthorized possession of a firearm on November 22, 2011, and sentenced on March 2, 2012.   The defendant's probation supervision began on June 20, 2013, and expired on June 18, 2015.

checks to businesses in St. Croix, Virgin Islands.[2]   The defendant was also arrested in January 2011 for trespassing and operating a business without a license.   After posting bond in those cases, the defendant failed to appear in court on February 1, 2011.   A warrant was issued for the defendant's arrest, and he was not taken back into custody until April 11, 2011.

18.   The defendant did not successfully complete the terms of his supervision in the Virgin Islands cases, however, because a petition for revocation was not filed during the period of supervision, in 2020, the defendant was administratively discharged from probation.   The defendant owes more than $18,000 in restitution to various businesses in the Virgin Islands – the restitution was converted to a civil judgment in 2020.

19.   While on probation in the Virgin Islands, the defendant moved to Hawaii.   The defendant was issued a Hawaii Driver's License on September 27, 2013.

20.   Since returning to Hawaii, the defendant has committed numerous traffic offenses, including multiple charges for driving without a license.   The defendant failed to appear in court at least ten times.

---

2 He was later convicted of drawing and delivering worthless checks and sentenced on March 2, 2012.   The defendant's probation supervision began on June 19, 2015, and expired on June 18, 2017.

21.    The defendant has a history of absconding, has ties outside the District of Hawaii, and has repeatedly demonstrated his inability to comply with court-ordered conditions of supervision.   The defendant has also committed felony offenses while on bond in pending cases.

*The Nature and Seriousness of the Danger to the Community*

22.    Section 3142(g)(4) provides that the Court shall take into account "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."   The defendant has conducted multiple overlapping schemes to defraud for at least the past seven years and has a history of committing such schemes going back to the nineties.

23.    The victims of his crimes have experience devastating personal and financial impact because of his continued criminal behavior.   They have had their credit ruined and have had to spend years trying to untangle themselves from the mess that the defendant left.   They have been denied credit, subjected to daily calls from bill collectors, and have had to spend hours and hours trying to prove to various entities that they were not the people who took out loans or were issued credit cards. Victims and witnesses to the defendant's fraudulent schemes have reported that he has resorted to threats and intimidation when they questioned his truthfulness or identity.

24.     The defendant has a history of continuing to commit offenses while on supervision so it is the government's position that no condition or combination of conditions can be put in place to ensure that the defendant will not continue his criminal behavior.

25.     Danger to the community to justify detention may encompass pecuniary or economic harm.  *See United States v. Reynolds*, 956 F.2d192, 192-93 (9th Cir. 1992) (a defendant convicted of mail fraud posed an economic or pecuniary danger to the community).   There is justification from the defendant's past crimes and continued criminal behavior that the defendant poses a significant economic danger to the community if released from custody.

## Conclusion

26.    The government submits that when considering all the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention.    First, there is a preponderance of the evidence no condition or combination of conditions will reasonably assure the defendant's appearance in court.    Second, there is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

DATED:   October 17, 2025, at Honolulu, Hawaii.

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii


By */s/ Lauren M. Nakamura*
    LAUREN M. NAKAMURA
    Assistant U.S. Attorney

9

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a

true and correct copy of the foregoing was served on the following at their last

known address:

Served via CM-ECF:

Jacquelyn Esser
Federal Public Defender
Attorney for Defendant
JUSTIN C. LIKOUT

Served via email

U.S. PRETRIAL SERVICES
300 Ala Moana Blvd, Rm. 7-222
Honolulu, Hawaii 96850

     DATED:   October 17, 2025, at Honolulu, Hawaii.


By */s/ Jeannette S. Graviss*
    JEANNETTE S. GRAVISS
    Assistant U.S. Attorney