IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO.   1:25-cr-00104-DKW-1 |
| Plaintiff, | ) Memorandum In Support<br>) of Motion |
| vs. | ) |
| JUSTIN C. LIKOUT, | ) |
| Defendant. | ) |

**Memorandum In Support of Motion**

On October 17, 2025, the government filed a Motion to Detain Defendant Without Bail (ECF 8), amended on October 20, 2025 (ECF 9) ("the Motion"). On October 23, 2025, this Court conducted a hearing on the government's motion and denied it, ordering that the accused be released, under specific conditions that sufficed to guarantee his presence at court proceedings and the safety of others, pending trial. *See* Minutes (ECF 14). The government immediately sought a stay of the Court's release order pending its appeal of this Court's ruling to the District Court. *Id.* This Court granted, without explanation, the government's oral motion and stayed its release order until October 31, 2025. *Id.* Thus, the accused remains detained while the government appeals this Court's release order, despite being presumed innocent and this Court's determination that pretrial detention does not accord with the Bail Reform Act and due process. Because, as explained below, the government has not met, and cannot meet, the requirements for a stay, this Court should immediately lift the stay of its release order.

## I. The government cannot meet any of the four *Nken* factors necessary to justify the extraordinary remedy of a stay.

The government is not entitled to an automatic stay pending appeal of this Court's order of release.[1] "[A] … court may not resolve a conflict between considered review and effective relief by reflexively holding a final order in abeyance pending review. A stay is an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result to the appellant'" *Nken*, 556 U.S. at 427 (citations omitted). Neither the Bail Reform Act[2] nor common law authorizes an automatic stay pending appeal. And the government has not cited any authority that entitles it to an automatic, reflexive stay. Rather, a stay is "an *extraordinary remedy*" for which "the moving party bears the burden of justifying." *Bryant*, 778 F.Supp.3d at 18 (emphasis added). Here, the government cannot meet its heavy burden to establish that it is entitled to the extraordinary remedy of a stay.

To determine whether a stay is warranted, courts traditionally apply *Nken*'s four-factor framework. The moving party—here the government—must: (1) make a strong showing of success on the merits of its appeal; (2) that it will suffer irreparable harm if a stay is not granted; (3) whether other interested parties (here,

---

[1] *See Nken v. Holder*, 556 U.S. 418, 433 (2009), ("[a] stay is not a matter of right, even if irreparable injury might otherwise result") (citation and quotation marks omitted).

[2] The Bail Reform Act itself does not address the stay of a detention order. *See United States v. Covarubias-Carranza*, No. 2:25-MJ-0112 SCR, 2025 WL 2265746, at *1 (E.D. Cal. Aug. 7, 2025) (slip copy) (citing *United States v. Abass*, 779 F.Supp.3d 1, 5–6 (D.D.C. 2025) (finding no statutory basis for a stay pending appeal)); *see also United States v. Bryant*, 778 F.Supp.3d 14, 18 (D.D.C. 2025) (same).

the accused) would suffer substantial injury if a stay were granted; and (4) that the public interest favors granting a stay.[3] "The first two factors of the traditional standard are the most critical." *Nken*, 556 U.S. at 434. In addition, the "likelihood of succeeding on the merits must be more than a mere possibility of relief and" the government must prove more than merely "some possibility of irreparable injury." *Id.* In this case, the government cannot meet the four factors necessary to justify a stay.

## II. The government cannot make a strong showing of likelihood of success on the merits.

With respect to the first factor, the government essentially relitigates the merits of its detention motion. In support of its oral motion for a stay, the government reiterated the nature of the accused's offenses and argued that the weight of the evidence favored thinking him guilty and that he poses a flight risk and danger to the community. (ECF 9). But this Court already "carefully considered the merits of the Motion," the "arguments by counsel," and the "report of Pretrial Services" and found that "the conditions recommended by Pretrial Services are adequate to reasonably ensure Defendant's presence and to mitigate any risk of danger posed by Defendant if released." Minutes (ECF 14) (10/23/2025). Because this Court has ruled that the accused does *not* post a flight risk or danger to the

---

[3] *See Covarubias-Carranza*, 2025 WL 2265746, at *1 (citing *United States v. Pavlon-Andino*, 2025 WL 446143 (D. Colo.) (denying stay of magistrate judge release order for failure to demonstrate that the *Nken* factors were met), *Abass*, 2025 WL 1096795, at *3-5 (denying request for a stay of release order under application of *Nken* factors), and *United States v. Manobanda-Leon*, No. 2:25-cr-47-EWH-RJK, ECF No. 23 (E.D. Va. May 1, 2025) (same)).

3

community and, of course, may not presume him guilty, the government's oral argument in favor of a stay lack merit.

The government, moreover, offers no new evidence that undermines this Court's findings in support of release. Nor has it cited any legal authority that suggests this Court applied a wrong legal standard in denying the government's detention motion. The government, therefore, has not made any showing that its appeal is likely to succeed, much less the strong showing of likely success on the merits that the first *Nken* factor requires. *See Abass,* 779 F.Supp.3d at 6 ("a movant's failure to satisfy this stringent standard for demonstrating a likelihood of success on the merits is 'an arguably fatal flaw for a stay application'") (citations omitted).

### III. The government faces no irreparable injury absent a stay.

With respect to the second factor, for the same reason as in the first factor, the government cannot demonstrate the requisite irreparable harm to itself if the accused's release is not stayed. Where "the government is unlikely to prevail on the merits on appeal, it will not be irreparably harmed if [a] stay is revoked." As noted, this Court has ruled that the ordered pretrial release conditions suffice to assure that the accused will appear at court proceedings and that others are safe. Given those findings, his release poses no irreparable harm to the government or anyone else. The government's speculative and over-generalized concerns (stereotyping, really) do not meet the irreparable harm standard. *See Leiva-Perez v. Holder*, 640 F.3d 962, 969 (9th Cir. 2011). In the absence of an irreparable harm showing, a stay must be denied. "Stays must be denied to all petitioners who do not meet the applicable irreparable harm threshold, regardless of their showing on the other stay

4

factors." *Covarubias-Carranza*, 2025 WL 2265746, at *2 (citing *Leiva-Perez*, 640 F.3d at 965) ("a proper showing regarding irreparable harm was, and remains, a necessary but not sufficient condition for the exercise of judicial discretion to issue a stay")).

For these reasons, the first and second factors weigh heavily in favor of immediately lifting the stay. In fact, they *require* it.

### IV.  A stay of release pending appeal will cause substantial injury to Defendant.

Unlike the government, the accused is suffering, and will continue to suffer, *irreparable* harm each day he remains detained—unjustly detained, given this Court's determination that pretrial detention is unwarranted under the Bail Reform Act and in light of the accused's due process rights. *See Page v. King*, 932 F.3d 898, 904 (9th Cir. 2019) (the loss of liberty in pretrial detention is "'irretrievable' regardless of the outcome at trial" and constitutes "irreparable harm"); *United States v. Khanna*, 703 F. Supp. 3d 1309, 1316 (N.D. Okla. 2023) ("[i]t is fundamental that an individual has a 'strong interest in liberty') (citing *United States v. Salerno*, 481 U.S. 739 (1987)). Such harm to the accused far outweighs any hypothetical harm to the government. Thus, the third factor also weighs heavily against continued imposition of the stay of release.

### V.  The public interest supports immediate release.

In view of the foregoing and this Court's determinations that pretrial release is appropriate in this case, the public interest weighs in favor of immediate release. As noted, this Court has already determined that accused does not pose a threat to public safety. "In our society liberty is the norm, and detention prior to trial … the

carefully limited exception." *Salerno*, 481 U.S. at 755. Given the improbability that the government will prevail on appeal, as well as its inability to meet its burden with respect to any of the *Nken* factors, the public interest weighs in favor of an immediate lifting of the stay.

**VI.   If a hearing on this motion is necessary, it should should be conducted today.**

Given the ongoing irreparable harm to accused due to his unjust continued detention, he respectfully requests that the Court hold an expedited hearing on this motion today. *See* 18 U.S.C. §3145 (providing that a motion for review of a release or detention order be determined promptly). Or, alternatively, that it grant this motion before close of business today without a hearing.

**VII.   If this Court denies this motion, the accused requests that this Court explain its grant of a stay and refusal to lift it on the record, so as to allow for meaningful review.**

Should this Court deny this motion and refuse to lift the stay, the accused respectfully requests that this Court explain its stay rulings on the record so as to allow for meaningful review of its ruling to issue the stay and refusal to lift it. *See* 18 U.S.C. §3142(i)(1) (a detention order shall include written findings of fact and a written statement of the reasons for the detention); *cf. Gall v. United States*, 552 U.S. 38, 50 (2007) ("[a]fter settling on the appropriate sentence, [a court] must adequately explain the chosen sentence to allow for meaningful appellate review").

**VIII.   Conclusion**

Based on the foregoing, the accused requests that this Court: (1) grant this expedited motion; (2) lift the stay of the previously issued pretrial release order; and (3) order the accused's immediate release (today, not Monday) under the conditions

already set. If this Court deems that a hearing on this motion is appropriate, the accused requests that it hold that hearing today.

DATED: Honolulu, Hawai'i, October 24, 2025.

       /s/ Melinda K. Yamaga
MELINDA K. YAMAGA
Attorney for Defendant
JUSTIN C. LIKOUT