IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | 1:25-CR-00104-DKW-1 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | FIRST AMENDED CRIMINAL |
| vs. | ) | SCHEDULING ORDER |
| | ) | |
| JUSTIN C. LIKOUT, | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED CRIMINAL SCHEDULING ORDER

Pursuant to Criminal Local Rule 2.1 and First Stipulation and Order Continuing Trial Date and Excluding Time Under the Speedy Trial Act, ECF No. 23, IT IS HEREBY ORDERED:

**1.** Jury trial in this matter will begin at 9:00 AM in Aha Kupono on July 6, 2026 before Chief United States District Judge Derrick K. Watson.

**2.** A trial conference is set for June 26, 2026, at 9:00 AM in Aha Kupono before Chief United States District Judge Derrick K. Watson.

   a. <u>Trial Presentation Statement</u> - The joint trial presentation statement is due June 22, 2026.

**3.** Motions, other than motions in limine, are due on May 26, 2026, and responses are due on June 2, 2026.

**4.** <u>Rule 16 Discovery Conference Deadline</u> - No later than **CLOSED**, the attorney for the government and the defendant's attorney shall confer and try to agree on a timetable and procedures for pretrial disclosure under Rule 16.

**5.**     <u>Fed. R. Evid. 404(b)</u> - The United States shall serve upon opposing counsel and file with the Court by June 1, 2026 a written statement of intent to use evidence of any Defendant's acts covered by Fed. R. of Evid. 404(b).  Defendants shall oppose the use of such evidence by filing motions in limine as hereafter provided.

**6.**     <u>Motions in limine</u> -

    a.     All motions in limine shall be filed with the Court and served upon opposing counsel by June 15, 2026.

    b.     Memoranda in opposition to any motions in limine shall be filed with the Court and served upon opposing counsel by June 22, 2026.

**7.**     <u>Brady and Giglio Material</u> - The United States shall complete its production of evidence favorable to the Defendant on the issue of guilt or punishment, as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and related authorities and impeachment material, cooperation agreements, plea agreements, promises of leniency and records of criminal convictions, required by <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and its progeny to defendants herein as required by law but in no event later than June 15, 2026.  The United States is under a continuing obligation to produce <u>Brady</u> and <u>Giglio</u> material which may come into its possession right through the trial of this matter.

**8.**     <u>Jury Instructions</u> -

    a.     Jury instructions shall be prepared and submitted in accordance with CrimL30.1.  The parties shall serve upon each other a set of proposed jury instructions on or before June 8, 2026.  The proposed instructions shall include an "elements which must be proven by the prosecution" instruction for each offense charged and proposed language to fill in the charge and elements of the crime blanks of 9TH CIR. CRIM. JURY

INSTR. 1.02 (1995).

  b.  The parties shall thereafter meet and confer for the purpose of preparing one complete set of agreed upon jury instructions.  The jury instructions which are agreed upon shall be filed with the Court by June 15, 2026.

  c.  Supplemental instructions which are not agreed upon and a concise argument supporting the appropriateness of the proposed instruction shall be filed with the Court.  All objections to the non-agreed upon instructions shall be in writing and filed. All filings shall be completed by June 15, 2026.

**9.**  <u>Witnesses</u> - Pursuant to stipulation by all parties, each party shall serve upon opposing counsel and file a final comprehensive witness list indicating the identity of each witness that the party will call at trial in each respective case-in-chief by June 8, 2026.

**10.**  <u>Expert Disclosures</u> - When so requested by either the United States or the defendant pursuant to Fed. R. Crim. P. 16(a)(1)(G)(i) and 16(b)(1)(C)(i), the party(s) must make expert witness disclosures in accordance with the requirements of Fed. R. Crim. 16(a)(1)(G) and Fed. R. Crim. P. 16(b)(1)(c), at the time(s) and in the sequence as ordered by the Court. Absent a stipulation or court order, the time to disclose expert witnesses is as follows:

  a.  On or before May 11, 2026.

  b.  If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Fed. R. Crim. P. 16(a)(1)(G) or 16(b)(1), disclosure is required May 18, 2026.

3

11.    <u>Exhibits</u> -

    a.    The parties shall meet and exchange copies or, when appropriate, make available for inspection all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the trial other than for impeachment or rebuttal.  Upon request, a party shall make the exhibit or the underlying documents of any exhibit available for inspection and copying.  The parties shall meet and confer regarding possible stipulations to the authenticity and admissibility of proposed exhibits no later than July 1, 2026.

    b.    The Exhibit List, original set of exhibits (tabbed and in binders), and two copies of exhibits (tabbed in binders) shall be submitted to the Court by July 1, 2026.

    c.    A thumb drive containing an electronic version/copy of all exhibits shall be submitted to the Court by July 1, 2026 if using Jury Evidence Recording System (JERS).

12.    <u>Stipulations</u> - Stipulations shall be in writing and shall be filed with the Court by June 8, 2026.

13.    <u>Voir Dire Questions</u> - The parties shall prepare in writing and submit to the Court any special voir dire inquiries they wish the judge to ask the jury panel by June 22, 2026.

14.    <u>Trial Briefs</u> - Each party shall serve upon opposing counsel and file with the Court by June 22, 2026 a trial brief on all significant disputed issues of law, including foreseeable procedure and evidentiary issues, setting forth briefly the party's position and supporting arguments and authorities. If a defendant objects to the filing of a full trial

brief because such a filing would disclose a theory of defense, that defendant shall file a trial brief stating such objection and briefing the Court on matters not covered by such objection.

**15.** <u>Jencks Disclosures</u> - Disclosures shall be provided as required by law pursuant to the Jencks Act (18 U.S.C. §3500), but are expected by the Court by July 10, 2026.

**16.** <u>Other Matters</u> - (RESERVED)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 3, 2025.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge