## MEMORANDUM IN SUPPORT OF MOTION TO SEAL DOCUMENT

Defendant, JUSTIN LIKOUT, requests, pursuant to United States District Court Criminal Local Rule 5.2; and *The Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016), that Defendant's Motion for Pretrial  Release be sealed due to it containing information that relates to the attorney client relationship.  This is the type of information that would normally be presented in a sealed hearing before the Court.  A redacted version of the motion will be filed in the public docket.

## II.    DISCUSSION

Pursuant to Criminal Local Rule 5.2, leave of the Court is required to file a pleading under seal.  CrimLR5.2(a).  A motion to seal must be filed in the public record of the case; set forth the factual basis for sealing the filing; and specify the applicable standard for sealing the information and discuss how that standard has been met.  Redacted versions of the filings must be concurrently filed, a proposed order must be submitted to the Court, and the moving party must provide chambers with a copy of the sealed filing.  CrimLR5.2(b)

For a non-dispositive motion, a party seeking to have judicial records sealed must satisfy a "good cause" standard.

Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana,* 447 F.3d at 1178. Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1179. The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. (quoting *Foltz*, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599, 98 S.Ct. 1306. Examples include when a court record might be used to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "as sources of business information that might harm a litigant's competitive standing." Id. at 598–99, 98 S.Ct. 1306.

*Center for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1096–97 (C.A.9 (Cal.),2016)

Despite this strong preference for public access, we have "carved out an exception," *Foltz,* 331 F.3d at 1135, for sealed materials attached to a discovery motion unrelated to the merits of a case, *see Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1213–14 (9th Cir.2002). Under this exception, a party need only satisfy the less exacting "good cause" standard. *Foltz*, 331 F.3d at 1135. The "good cause" language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c).

*Id*, at 1097

The portion of the motion requested to be sealed in this case related to the attorney-client relationship.  It is the type of information that is generally presented to the Court in a sealed hearing on the motion.

## III.    CONCLUSION

For the reasons stated herein, Mr. Likout requests that his Motion to Seal

portions of his Motion to Withdraw as Attorney be granted.

DATED:     Kailua-Kona, Hawaii, December 12, 2025

  /s/ Andrew M. Kennedy  
ANDREW M. KENNEDY
Counsel for Defendant