Schlueter, Kwiat & Kennedy LLLP

**ANDREW M. KENNEDY      9734**
75-167 Kalani Street, Suite 201
Kailua-Kona, Hawaii 96740
Tel. No. (808) 987-7275
Fax No. (808) 443-0339
andrew@kona-lawyer.com

Counsel for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case: 1:25-CR-00104 DKW |
| ) | |
| Plaintiff ) | DEFENDANT'S MOTION TO SEAL |
| ) | DOCUMENT:  DEFENDANT'S |
| vs. ) | SECOND MOTION TO WITHDRAW |
| ) | AS COUNSEL; CERTIFICATE OF |
| JUSTIN LIKOUT, ) | SERVICE; PROPOSED ORDER |
| ) | |
| Defendant. ) | JUDGE: HON. DERRICK K. WATSON |
| ) | |
| ) | |
| ) | |
| _____ ) | |

### DEFENDANT'S MOTION TO SEAL DOCUMENT: DEFENDANT'S SECOND MOTION TO WITHDRAW AS COUNSEL

Defendant, JUSTIN LIKOUT, by and through counsel, ANDREW M.

KENNEDY, hereby moves this Honorable Court for leave to file his Motion to

Withdraw as Counsel under seal.

The portions of the motion that Defendant seeks to seal relate to the attorney-client relationship and the specific breakdown in communication. Defense counsel is providing this in advance to the Court to apprise the Court of the situation prior to hearing.  This information is normally the type of information that would subject to discussion in a sealed hearing on the motion to withdraw.

A redacted version of this motion was filed in the public docket concurrently with this filing.  An unredacted version of this filing is being provided to the Court at the time of this filing.

A proposed order is attached hereto.

DATED:    Honolulu, HI, January 8, 2026

                                   /s/ Andrew M. Kennedy
                                   ANDREW M. KENNEDY
                                   Counsel for Defendant

## MEMORANDUM IN SUPPORT OF MOTION TO SEAL DOCUMENT

Defendant, JUSTIN LIKOUT, requests, pursuant to United States District Court Criminal Local Rule 5.2; and *The Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016), that Defendant's Motion for Pretrial  Release be sealed due to it containing information that relates to the attorney client relationship.  This is the type of information that would normally be presented in a sealed hearing before the Court.  A redacted version of the motion will be filed in the public docket.

## II.    DISCUSSION

Pursuant to Criminal Local Rule 5.2, leave of the Court is required to file a pleading under seal.  CrimLR5.2(a).  A motion to seal must be filed in the public record of the case; set forth the factual basis for sealing the filing; and specify the applicable standard for sealing the information and discuss how that standard has been met.  Redacted versions of the filings must be concurrently filed, a proposed order must be submitted to the Court, and the moving party must provide chambers with a copy of the sealed filing.  CrimLR5.2(b)

For a non-dispositive motion, a party seeking to have judicial records sealed must satisfy a "good cause" standard.

Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana,* 447 F.3d at 1178. Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1179. The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. (quoting *Foltz*, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599, 98 S.Ct. 1306. Examples include when a court record might be used to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "as sources of business information that might harm a litigant's competitive standing." Id. at 598–99, 98 S.Ct. 1306.

*Center for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1096–97 (C.A.9 (Cal.),2016)

Despite this strong preference for public access, we have "carved out an exception," *Foltz,* 331 F.3d at 1135, for sealed materials attached to a discovery motion unrelated to the merits of a case, *see Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1213–14 (9th Cir.2002). Under this exception, a party need only satisfy the less exacting "good cause" standard. *Foltz*, 331 F.3d at 1135. The "good cause" language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c).

*Id*, at 1097

The portion of the motion requested to be sealed in this case related to the attorney-client relationship.  It is the type of information that is generally presented to the Court in a sealed hearing on the motion.

2

## III.    CONCLUSION

For the reasons stated herein, Mr. Likout requests that his Motion to Seal

portions of his Motion to Withdraw as Attorney be granted.

DATED:    Honolulu, HI, January 8, 2026

　　　　　　　　　　　　  /s/ Andrew M. Kennedy
　　　　　　　　　　　　 ANDREW M. KENNEDY
　　　　　　　　　　　　 Counsel for Defendant

Schlueter, Kwiat & Kennedy LLLP

**ANDREW M. KENNEDY     9734**
75-167 Kalani Street, Suite 201
Kailua-Kona, Hawaii 96740
Tel. No. (808) 987-7275
Fax No. (808) 443-0339
andrew@kona-lawyer.com

Counsel for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case: 1:25-CR-00104 DKW |
| | ) | |
| Plaintiff | ) | DEFENDANT'S SECOND MOTION TO |
| | ) | WITHDRAW AS COUNSEL [UNDER |
| vs. | ) | SEAL]; CERTIFICATE OF SERVICE |
| | ) | |
| JUSTIN LIKOUT, | ) | JUDGE: HON. DERRICK K. WATSON |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## <u>DEFENDANT'S SECOND MOTION TO WITHDRAW AS COUNSEL</u>

Defendant, JUSTIN LIKOUT, by and through counsel, ANDREW M.

KENNEDY, hereby moves to permit his current attorney to withdraw and to

appoint successor counsel.  The basis for this motion is due to a request by Mr.

Likout on January 8, 2026.  Defense counsel does not take a position as to this

motion and request by Mr. Likout.

The specific basis for this motion is as follows:[1]

1.    Defendant was arrested on October 16, 2025 pursuant to a warrant on

indictment filed October 9, 2025.

2.    Defendant was originally represented by the Federal Defender's Office.

3.    On October 17, 2025 the United States filed a Motion to Detain.  Dkt. No. 8.

4.    A hearing on the United States' Motion to Detain was held on October 23,

2025.  The Magistrate Judge denied the United States' motion and ordered

conditions of Mr. Likout's release.  Dkt. No. 14.

5.    The United States appealed this magistrate ruling, and on October 27, 2025

the Honorable Judge Watson heard the United States' Motion to Revoke the

Order of Release.  The Court granted the United States' motion and Mr.

Likout was remanded to the custody of the United States Marshals.  Dkt.

No. 20.

6.    The Office of the Public Defender filed a Motion to Withdraw as counsel

and Andrew Kennedy was appointed as counsel on November 18, 2025.

Dkt. No.(s) 25 and 27.

---

[1]This is being filed under seal as it relates to the attorney-client relationship.

2

7.    On December 11, 2025, a Motion to Withdraw was filed.  This motion was

heard on December 17, 2025.  The motion was denied.

8.    The following is a overview of the representation since the last hearing on

this motion[2]:



_____

[2]The extent of the communication is being included to inform the Court as
to the status of the communication with client.  The details as to the merits of the
case or possible defenses are not being included.

3





DATED:      Honolulu, Hawaii, January 8, 2026

　　　　　　　　　　/s/ Andrew M. Kennedy
　　　　　　　　　ANDREW M. KENNEDY
　　　　　　　　　Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a redacted copy of the foregoing has been provided to all parties by Electronic Filing.  An unredacted copy of this motion is being provided to the Court of Court contemporaneously with the filing of a Motion to Seal document.


DATED:      Honolulu, Hawaii, January 8, 2026

Schlueter, Kwiat & Kennedy LLLP

BY:    /s/ Andrew M. Kennedy
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been provided to all parties by Electronic Filing.


DATED:    Honolulu, HI January 8, 2026

Schlueter, Kwiat & Kennedy LLLP

BY:    /s/ Andrew M. Kennedy
COUNSEL FOR DEFENDANT