Schlueter, Kwiat & Kennedy LLLP

**ANDREW M. KENNEDY     9734**
75-167 Kalani Street, Suite 201
Kailua-Kona, Hawaii 96740
Tel. No. (808) 987-7275
Fax No. (808) 443-0339
andrew@kona-lawyer.com

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| United States of America, | ) Case: 1:25-CR-00104 DKW |
| Plaintiff | ) Defendant's Motion for Reconsideration of Detention Order |
| vs. | ) JUDGE: HON. DERRICK K. WATSON |
| Justin Likout, | ) |
| Defendant. | ) |

**Defendant's Motion for Reconsideration of Detention Order**

Defendant, JUSTIN LIKOUT, by and through counsel, ANDREW M. KENNEDY, hereby moves to for a reconsideration of Mr. Likout's Detention [Dkt. No. 20, Filed October 27, 2025]. Mr. Likout requests that he be placed in Sand Island Treatment Center as part of his condition of release pending trial.

This motion is brought pursuant to USDC Hawaii CrimLR 57.7(a), the Eighth Amendment to the United States Constitution, and the Bail Reform Act.

DATED:   Honolulu, Hawaii, February 25, 2025

                                  /s/ Andrew M. Kennedy
                                 ANDREW M. KENNEDY
                                 Counsel for Defendant

## MEMORANDUM IN SUPPORT OF MOTION

**I.  SUMMARY**

Mr. Likout requests that he be released pending trial.  The basis of this request is that he would like to be placed in Sand Island Treatment Center ("SITC").[1]

An application to SITC was completed by Mr. Likout and provided to SITC a number of weeks ago.  SITC has not provided any feedback.  It is understood that Pretrial Services has a contract with SITC should this Court deem placement appropriate and that his acceptance will be expedited with Pretrial Services assitance.

**II.  FACTS**

1. Mr. Likout was arrested pursuant to indictment on October 16, 2025.  Dkt. No. 7

2. On October 17, 2025, the United States filed a motion to detain Mr. Likout.  Dkt. No. 8

---

[1]Mr. Likout has indicated to counsel that he feels Sand Island would be appropriate for him to receive treatment for certain issues.  He is willing to provide the basis for the Sand Island Treatment Center referral request *in camera* or under seal to the Court at hearing.  He does note that he did not inform Pretrial Services of this issue during the initial intake interview.

1

3. On October 23, 2025, this motion to detain was heard by a Magistrate Judge and denied. Mr. Likout was permitted release upon conditions. These conditions included placement at the MAKAN O KE AKAU (MOKA) HOUSE or FAITH HOUSE. Dkt. No. 14

4. On October 24, 2025, the United States appealed the order denying their motion to detain. Dkt. No. 17

5. On October 27, 2025, United States District Judge Watson granted the government's appeal/revocation of magistrate ruling and ordered Mr. Likout detained. Dkt. No. 20.

6. Mr. Likout has been in custody at FDC since his arrest in October.

7. In January Mr. Likout completed an application to SITC. This application was forwarded to SITC. No response has been received.

8. It is the understanding of defense counsel that Pretrial Services has a contract with SITC that expedites the application and acceptance process for federal inmates whom are deemed appropriate for release to the SITC program.

9. Mr. Likout has indicated that he believes the SITC program would benefit him, and would provide substantial assurances of appearance in Court.

### III.   APPLICABLE LAW

"1.  Federal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail. *Motamedi*, 767 F.2d at 1405 (citing *Stack v. Boyle*, 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 3 (1951)).  2. Only in rare cases should release be denied. *Id*. (citing *Sellers v. United States*, 89 S.Ct. 36, 38, 21 L.Ed.2d 64 (Black, Circuit Justice 1968)).  3. Doubts regarding the propriety of release are to be resolved in favor of defendants. Id. (citing *Herzog v. United States*, 75 S.Ct. 349, 351, 99 L.Ed. 1299 (Douglas, Circuit Justice 1955))." *U.S. v. Townsend*, 897 F.2d 989, 993–94 (C.A.9 (Wash.),1990)

> In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. We hold that the provisions for pretrial detention in the Bail Reform Act of 1984 fall within that carefully limited exception. The Act authorizes the detention prior to trial of arrestees charged with serious felonies who are found after an adversary hearing to pose a threat to the safety of individuals or to the community which no condition of release can dispel.

*U.S. v. Salerno*, 107 S.Ct. 2095, 2105, 481 U.S. 739, 755 (U.S.N.Y.,1987)

The Bail Reform Act governs the detention of a defendant pending trial. 18 U.S.C. § 3142 (2006). The Act mandates the release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).... A finding that a

3

defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). *United States v. Hir*, 517 F.3d 1081, 1085–86 (9th Cir.2008) (footnote omitted). A finding that the defendant is a flight risk must be supported by "a clear preponderance of the evidence." *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir.1990).

18 U.S.C. §3142 sets forth the framework for the release or detention of a defendant pending trial.  18 U.S.C. §3142(c) sets forth conditions that the Court may employ should it determine that release on a Defendant's personal recognizance or unsecured bond will not adequately assure Defendant's appearance of community safety.  These conditions include requiring Defendant to remain in custody or a designated person who has agreed to supervise Defendant and report violations; a requirement to maintain employment or educational programs; abide by specified travel restrictions or refrain from contacting certain persons; avoid contacting witnesses or victims of the crime; report regularly to pretrial services; comply with curfew, refrain from possession of weapons or dangerous instruments; refrain from alcohol or drug use, undergo any recommended medical, substance abuse or mental health treatment; and any other reasonable conditions that the court deems necessary to assure appearance or protect the community.  *See* 18 U.S.C. §3142(c)(B).

## IV.   ARGUMENT

Mr. Likout is eligible for release.  This is not a presumption case.  Release is the preferred option unless the Court finds no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.

Mr. Likout submits that should he be admitted to SITC, there would be sufficient oversight to assure his attendance at court for hearings and potential trial.

    DATED:   Honolulu, Hawaii, February 25, 2025

                                                 /s/ Andrew M. Kennedy
                                                ANDREW M. KENNEDY
                                                Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a redacted copy of the foregoing has been provided to all parties by Electronic Filing.  A copy is also being forwarded to United States Probation.

DATED:   Honolulu, Hawaii, February 25, 2025

    /s/ Andrew M. Kennedy
ANDREW M. KENNEDY
Counsel for Defendant